UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00051 |
| | ) | JUDGE CAMPBELL |
| CHRISTOPHER WOODSON | ) | |

ORDER

Pending before the Court are certain pretrial motions filed by Defendant Woodson, and the Government's Responses to the motions. The Court rules on the motions as follows:

– Motion Requesting Notice Of Intent To Offer Evidence Of Other Crimes, Wrongs Or Acts And Incorporated Memorandum Of Law (Docket No. 40), and the Government's Response (Docket No. 44). Through this Motion, the Defendant seeks an order requiring the Government to disclose any evidence it intends to offer during its case in chief under Federal Rule of Evidence 404(b) two weeks prior to trial. In its Response, the Government indicates that it will provide Rule 404(b) material ten days prior to trial. Under these circumstances, the Motion is DENIED, as moot. The Defendant may raise any objection based on a lack of notice regarding a specific item of Rule 404(b) evidence at the appropriate time.

– Motion For Disclosure Of Any Preferential Agreements With Witnesses And Incorporated Memorandum Of Law (Docket No. 41), and the Government's Response (Docket No. 45). Through this Motion, the Defendant requests that the Court order the Government to unseal and disclose all plea agreements it has made with Government witnesses in this case. In its Response, the Government indicates that it will disclose the requested information ten days prior to trial. Accordingly, the Motion is DENIED, as moot. The Defendant may raise any

objection based on a failure to timely disclose Brady/Giglio material at the appropriate time.

– Motion To Identify Exhibits And Disclose Witnesses And Incorporated Memorandum Of Law (Docket No. 42), and the Government's Response (Docket No. 46). Through this Motion, the Defendant seeks an order requiring the Government to identify the exhibits it intends to introduce in its case in chief and disclose a list of witnesses at least two weeks prior to trial. In its Response, the Government indicates that the Defendant is not legally entitled to a list of witnesses or exhibits.

The Sixth Circuit has held that, in a non-capital case, the Government is not ordinarily obliged to reveal a list of its witnesses and exhibits in advance of trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir.1984); United States v. Turner, 91 Fed. Appx. 489, 491, 2004 WL 540471 (6th Cir. Mar. 17, 2004). The Defendant has not shown any specialized need for a witness and exhibit list in this case. Accordingly, the Motion is DENIED. Defendant may raise any objection regarding the Government's failure to comply with specific disclosure obligations at the appropriate time.

– Motion For Pretrial Production Of Jencks Material And Incorporated Memorandum Of Law (Docket No. 43), and the Government's Response (Docket No. 44). Through this Motion, the Defendant requests that the Court order the Government to produce Jencks Act material two weeks prior to trial. In its Response, the Government indicates that it intends to disclose Jencks material ten days in advance of trial.

The Jencks Act, 18 U.S.C. § 3500, provides that the Government is not required to provide to the Defendant a statement made by a Government witness prior to the completion of

the direct examination of that witness.[1]  See also Fed. R. Crim. P. 26.2.  The Motion is DENIED, as moot. The Defendant may raise any objection based on a failure to timely disclose Jencks material at the appropriate time.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1]  Sections 3500(a) and (b) provide as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.